## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

In re Adoption of
Jacqueline D. Smith

September 21, 1995

Case No. CA94-12

BY JUDGE WILLIAM H. LEDBETTER, JR.

In this adoption case, the petitioners seek to adopt a 10-year-old daughter of the male petitioner and his former wife. The former wife, the child's biological mother, has not consented to the adoption.

On September 18, 1995, the mother informed the court, with all counsel present, that she opposed the stepparent adoption. Thereupon, counsel for the petitioners asked the court whether, in light of *Willis v. Gamez*, 20 Va. App. 75 (1995), this court could "terminate the mother's parental rights" as requested in the adoption petition so that the adoption could proceed. The biological mother has informed the court that the adoption should proceed in this court on all issues. The guardian ad litem has taken no position on the question.

*Willis v. Gamez* holds that a circuit court has no inherent power to terminate residual parental rights. Further, the appellate court said, the juvenile court has exclusive original jurisdiction of such matters except that "jurisdiction shall be concurrent with and not exclusive of courts having equity jurisdiction [e.g., circuit courts], as provided in § 16.1-241(A). Section 16.1-244 provides, in pertinent part, that circuit courts have concurrent jurisdiction with juvenile courts to determine custody, guardianship, visitation, and child support, when such issues are "incidental to the determination of causes pending" in circuit court.

Construing the interplay between these statutes, the *Willis* court concluded that concurrent jurisdiction to terminate parental rights "might exist in some cases."

Unlike petitions for termination of parental rights, adoptions are within the exclusive original jurisdiction of circuit courts. Virginia Code § 63.1-221. This case is an adoption proceeding.

In stepparent adoptions, consent of the biological parents is required. The remarried parent typically gives consent, as here, by joining the petition filed by that parent's new spouse, the stepparent. Consent of the other biological parent is obtained in writing as provided in § 63.1-225. (If residential parental rights of the other biological parent have been terminated prior to the adoption proceeding, no consent of that parent is needed. Section 63.1-225(D)(1)).

However, if in the adoption proceeding the court determines that consent is withheld contrary to the best interests of the child, the court nevertheless may grant the adoption. Section 63.1-225(F). The standard for making such a determination is set out in § 63.1-225.1.

It follows that when a biological parent refuses to give consent in a stepparent adoption case and a proceeding is necessary to determine whether consent has been withheld contrary to the child's best interests under § 63.1-225(F) and § 63.1-225.1, that proceeding is necessarily "incidental" to a determination of the underlying petition for adoption, a cause that is clearly within the exclusive jurisdiction of the circuit court. Under these circumstances, the circuit court has acquired jurisdiction over a subject matter as mandated by statute, and termination of a parent's rights is incidental to a determination of that cause; thus, *Willis* in inapposite.

The foregoing rationale assumes, of course, that a proceeding under § 63.1-225(F) regarding withheld consent in an adoption case is governed by statutory rules applicable to termination of parental rights. The court is of the opinion that it is not. Such a proceeding may be similar to a proceeding to terminate parental rights, but it is obviously different. First, it is a proceeding that is specifically provided by statute in adoption cases, which are exclusively within the jurisdiction of the circuit court. Second, the standards to be applied are specifically provided by a statute (§ 63.1-225.1) that is separate from and unrelated to the statutes that govern proceedings to terminate residual parental rights. Third, it would be contrary to the statutory scheme for adoptions if petitioners, upon learning that a parent withholds consent to the adoption, must postpone their efforts in the adoption case and go to that juvenile court to have the nonconsenting parent's parental rights terminated.

At bottom, a proceeding under § 63.1-225(F) to determine whether a parent has withheld consent to adoption contrary to the child's best interests is *not* a proceeding for termination of parental rights that must commence in juvenile court. It is what the statute says it is, and the determination is to be made in the circuit court applying the standard set forth in § 63.1-225.1. Therefore, although the petitioners ask for termination of parental rights in their adoption petition, what they really seek is an adoption, notwithstanding the biological mother's refusal to consent, requiring a hearing to enable the court to make the determinations set out in § 63.1-225(F) and § 63.1-225.1.

Accordingly, the petitioners may proceed with the adoption.